### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 13 |
| Christina M. Spicer | : |
|     Debtor | : BANKRUPTCY NO.: 17-15427-MDC |

**RESPONSE TO CHAPTER 13 TRUSTEE'S OBEJCTION TO EXEMPTIONS**

Debtor, by her attorney, Brandon J. Perloff, Esq. by way of Response to Movant's Objection to Exemptions, respectfully represents the following:

1.    Admitted.

2.    Admitted in part.  It is admitted that Debtor filed an Amended Schedule C on March 6, 2018.  Said document (#55) is on record before the Court.

3.    Admitted.  By way of further response, Debtor believes this point to be moot as the claims register is devoid of any supporting documentation or evidence of joint debts.

4.    Admitted in part, Denied in part. See below:

    A.   Admitted. By way of further response, Debtor's counsel intends to amend Schedule C accordingly.

    B.   Denied.  By way of further response, regarding the Debtor's insurance proceeds, 42 Pa C.S. Section 8124(c)(7) exempts, "the net amount payable under any accident or disability insurance." This language is clear and free from ambuiguity, and the Debtor's exempted property fits well within this description.  As articulated by the third circuit, "[f]irst and foremost, the exemption at issue here is an *insurance exemption*, not a personal injury or tort exemption."  See *Kollar v. Miller*, 176 F.3d 175, 179 (3rd Cir. 1999). There need not be a personal injury nexus or component for this exemption to apply.

    C.   Denied.  By way for further response, the essence of Debtor's Lawsuit is for unpaid wages or compensation. Specifically, the debtor has alleged violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL").  As a general rule, Section 8127(a) provides that "[t]he wages, salaries, and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process" with enumerated exceptions. Movant has not specified or avered that any of these exemptions apply.  Furthermore, pursuant to Rule 4003 (c), it is the "objecting party has the burden of proving that the exemptions are not properly claimed."

WHEREFORE, Debtor prays that the Movant's Objections be overruled.

Date: April 5, 2018                                    /s/ Brandon J. Perloff
                                                             Brandon J. Perloff Esquire.